**Affirmed and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00896-CR

---

**JEREMY LEE GARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1260971**

---

## MEMORANDUM OPINION

Appellant, Jeremy Lee Garza, appeals his conviction for aggravated robbery with a deadly weapon. In a single issue, appellant contends the trial court erred by admitting testimony regarding an extraneous offense. We affirm.

# I. BACKGROUND

According to the State's evidence, on the night of April 25-26, 2010, complainants, Joel Aguirre and Luis Lopez, were watching a movie in their apartment when appellant and another man kicked in the door. Appellant threatened the complainants with a knife, and the perpetrators stole money and numerous electronic items, including a camera. The accomplice also struck Lopez during this incident. Appellant threatened to return and kill the complainants if they called the police, but they did call the police after the perpetrators left.

Shortly after the robbery, the police developed two suspects. Aguirre identified both perpetrators in a photograph array, but Lopez could identify only the accomplice. Both complainants identified appellant at trial. Both perpetrators had their noses and mouths covered during the robbery. However, the complainants recognized appellant because they had seen him around the apartment complex, he had previously asked them for cigarettes or money, and he knocked on their door a few minutes before the robbery again asking for a cigarette or offering to sell them drugs, which they declined.

A jury convicted appellant of aggravated robbery with a deadly weapon. The trial court found an enhancement paragraph was "true" and assessed punishment at twenty-five years' confinement.

# II. ANALYSIS

In his sole issue, appellant contends the trial court erred by admitting evidence of an extraneous offense. We review a trial court's ruling on admission of evidence under an abuse-of-discretion standard. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.*

At trial, the State presented a pawn-shop employee who testified that, the day after the robbery, appellant accompanied his accomplice while the latter unsuccessfully attempted to pawn a camera, which appeared similar to the one stolen from the complainants. The State then called Officer Lance Powell who stopped their vehicle after the perpetrators left the pawn shop.

Outside the jury's presence, appellant objected to all of Officer Powell's anticipated testimony. Although these details were omitted from the employee's testimony, the parties informed the trial court of the following events: appellant stole a necklace as he left the pawn shop; employees went out to the vehicle and retrieved the necklace; the employees then called 9-1-1; and Officer Powell ultimately stopped the vehicle and detained appellant and the accomplice. The State asserted it would not question Officer Powell about theft of the necklace but would only elicit testimony regarding his stop of the vehicle and subsequent detention of appellant. The State argued that such testimony would link appellant and the accomplice and Officer Powell was the only person who could identify the accomplice in a videotape of the interaction in the pawn shop.

Appellant objected that the testimony was inadmissible under Texas Rules of Evidence 401, 402, 403, and 404 as irrelevant and "substantially more prejudicial than probative" because the jury would speculate appellant committed a criminal offense at the pawn shop. The State then agreed that it would not elicit testimony regarding probable cause for stopping the vehicle or that Officer Powell detained appellant; instead, the State would merely establish that Officer Powell conducted a traffic stop of a vehicle containing both appellant and the accomplice and obtain Officer Powell's identification of the accomplice on the pawn-shop videotape. After this concession, the trial court overruled appellant's objection and admitted the testimony proffered by the State.

3

In his sole issue, appellant contends that admission of the testimony violated Texas Rules of Evidence 403 and 404(b). Under Rule 404(b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Tex. R. Evid. 404(b). However, this type of evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Even if evidence of an extraneous offense satisfies a permissible exception, the opponent may still object under Rule 403, which provides that relevant evidence may "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Tex. R. Evid. 403; *see Casey*, 215 S.W.3d at 879.

Appellant contends Officer Powell's testimony constituted evidence of an extraneous offense and did not satisfy any exception. The State contends the testimony did not constitute evidence of an extraneous offense but even if it did, the testimony was admissible to prove appellant's identity as one of the robbers—a contested issue at trial—by showing appellant and the accomplice were together the next day.

We agree with the State that Officer Powell's testimony did not constitute evidence of an extraneous offense. Neither Officer Powell nor the pawn-shop employee mentioned appellant's theft of the necklace or any other alleged offense, except the robbery at issue. Further, Officer Powell did not testify regarding probable cause to stop the vehicle or that he detained appellant after the stop. Appellant emphasizes that, during re-direct examination, Officer Powell testified he was unaware of the robbery at the time of the stop. Therefore, according to appellant, the jury must have inferred that Officer Powell stopped the vehicle because appellant committed an unrelated criminal offense. However, the trial

4

court acted within its discretion by rejecting the proposition that the jury would necessarily make such inference. Officer Powell testified there were four people in the vehicle, so his testimony did not even establish that appellant was the reason for the stop. Moreover, Officer Powell's explanation that he conducted a traffic stop likely left the jury with the impression that the driver committed a traffic violation. To the extent a traffic violation may be considered a criminal offense, Officer Powell's testimony did not suggest appellant committed the violation because Officer Powell did not establish that appellant was the driver.

Appellant's Rule 403 contention hinges on his Rule 404(b) contention; he suggests that, even if the testimony satisfied an exception to Rule 404(b), such as relevance to the identity issue, any probative value was still substantially outweighed by the danger of unfair prejudice because the testimony constituted evidence of an extraneous offense. Because we have rejected appellant's contention that the testimony constituted evidence of an extraneous offense, we also reject his Rule 403 contention.

Accordingly, the trial court did not abuse its discretion by admitting Officer Powell's testimony. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[1]
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.